# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carol Whitley

**DEFENDANTS**
Flagstar Bank, FSB and Millsap & Singer, PC

**(b)** County of Residence of First Listed Plaintiff: St. Louis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Jonathan Laurans

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

*PRISONER PETITIONS*
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1601; 15 USC 1692

Brief description of cause:
Plaintiff claims defendants violated TILA and FDCPA and seeks injunction and to quiet title

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** _____
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 07/22/2017
SIGNATURE OF ATTORNEY OF RECORD: s/ Jonathan Laurans

**FOR OFFICE USE ONLY**

RECEIPT #　　AMOUNT　　APPLYING IFP　　JUDGE　　MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CAROL WHITLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No.: _____ |
| v. | ) |
| | ) (Removed from the Circuit Court of St. Louis |
| **FLAGSTAR BANK, FSB, and** | ) County, Case No. 17SL-CC02163) |
| **MILLSAP & SINGER, PC,** | ) |
| | ) |
| **Defendants.** | |

## Notice of Removal

Defendant Flagstar Bank, FSB ("Flagstar"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Missouri, Eastern Division. As grounds for this removal, Flagstar states as follows:

### I. Procedural Background

1.      On or about June 20, 2017, Plaintiff Carol Whitley ("Plaintiff") commenced an initial action by filing a *Petition for Temporary Restraining Order, Preliminary Injunction, and to Quiet Title* (the "Petition") against Flagstar and Millsap & Singer, PC ("Millsap") in the Circuit Court of St. Louis County, Missouri, Case Number 17SL-CC02163.

2.      The Circuit Court of St. Louis County is a state court within this district and division. 28 U.S.C. § 105(b)(1). A copy of all pleadings filed in the action are attached hereto as **Exhibit A**.

3.      Flagstar was served with the Petition on June 23, 2017. Millsap was served with the Petition on June 30, 2017.

1

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ******
>
> [A] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action.

5. Flagstar was served with Plaintiff's Petition on June 23, 2017, and Millsap was served on June 30, 2017; therefore this notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of each Defendant's receipt of Plaintiff's Petition, and because this action was commenced less than one year ago.

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. As shown herein, this case is properly removable based on federal question jurisdiction and diversity jurisdiction.

## II. Federal Question

8. Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The determination of whether federal question jurisdiction exists is generally provided by the "well-pleaded complaint" rule which provides that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. Here, this action is removable to the United States District Court under 28 U.S.C. §§ 1331 and 1441 on the basis of federal question jurisdiction because the claims alleged in the Plaintiff's Petition assert violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, *see* Petition at p. 2 ¶ 12, and implementing regulations including 12 C.F.R. § 226.13, s*ee* Petition at p. 4 ¶ 9, as well as the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq. See* Petition at p. 2, ¶ 12.

10. Although Plaintiff's Petition is not a model of clarity, all of the substantive claims appear to arise out of her allegations of breaches of the Truth in Lending Act, as codified in 15 U.S.C. § 1601(g) *et seq.* and interpreted in the implementing regulations in 12 C.F.R. § 226.13, *et seq.*, and her claim that Defendants breached their duties under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g). *See* Petition at p. 3 ¶ 18.

11. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any additional claims Plaintiff may assert in the Petition because those claims arise out of, and form part of, the same case or controversy as Plaintiff's federal claims. Therefore, this case is removable in its entirety pursuant to 28 U.S.C. § 1441(a).

### III. Diversity Jurisdiction

12. This Court also has diversity jurisdiction under 28 U.S.C. §1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000.

13. Flagstar is not a citizen of the State of Missouri. It is a federal savings bank with its main office in the State of Michigan and as such is not a citizen of Missouri. 12 U.S.C. § 1464(x); *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)

13. Complete diversity exists because Plaintiff and the non-fraudulently named defendant—Flagstar Bank, FSB—are citizens of different states.

14. Although Millsap is a resident and citizen of Missouri, it has been fraudulently joined because there is no reasonable basis for the Plaintiff's claims against Millsap.

15. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Where "it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

16. Millsap's citizenship must be disregarded because there is no "reasonable basis" supporting the claims against Millsap as a matter of law. *Filla*, 336 F.3d at 810; *accord, e.g.*, *Loo v. Gen. Elec. Co.*, No. 4:10CV1444SNLJ, 2010 WL 3892216, at *2 (E.D. Mo. Sept. 29, 2010). This is true for at least two reasons:

    a. First, Millsap is a law firm and insulated from liability for its role in advising and serving as counsel for its client, Flagstar. Millsap appears to have been named in this lawsuit

4

because it was retained by Flagstar to foreclose on the Plaintiff's property. However, in acting as foreclosure counsel to Flagstar, Millsap was an attorney providing counsel to a client and is not liable to a third person for actions arising out of that professional relationship, absent exceptional circumstances that Plaintiff has not pleaded here. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("In Missouri an 'attorney is usually not liable for an injury to a nonclient arising out of the representation of a client.'") (quoting *Macke Laundry Serv., Ltd. P'ship v. Jetz Serv. Co.*, 931 S.W.2d 166, 176-177 (Mo. App. 1996)). Therefore, Millsap cannot be liable for any conduct in its role as foreclosure counsel under any of the counts of the Petition. *See Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *3-4 (W.D. Tex. Aug. 23, 2010) (holding that "[r]epresenting a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of 'conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit.'") (quoting *Bradt v. West*, 892 S.W.2d 56, 72 (Tex. App. 1st Dist. 1994)); *Hunt v. Mortg. Elec. Registration*, 522 F. Supp. 2d 749, 758 (D.S.C. 2007) (finding no liability for attorney representing purchaser of foreclosed property because "if an attorney offers advice to his client in good faith and without malice, he cannot be liable for injury to a third party") (citing *Buschi v. Kirven*, 775 F.2d 1240, 1250 (4th Cir. 1985)).

    b.  Furthermore, Millsap cannot be liable under the Truth in Lending Act ("TILA") or Fair Debt Collection Practices Act ("FDCPA"). Only a "creditor" can be liable in a private cause of action brought under TILA. 15 U.S.C. § 1640(a); *see Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1120-21 (7th Cir. 2003). A law firm acting on behalf of a financial institution does not qualify as a "creditor." *Lagenfeld v. Chase Bank USA, N.A.*, 537 F. Supp. 2d

5

1181, 1205 (N.D. Okla. Mar. 10, 2008). Similarly, the FDCPA provides a private right of action against a "debt collector," 15 U.S.C. § 1692k, and a law firm hired to act as a trustee to foreclose on a deed of trust is not a "debt collector" that can be held liable under the statute. *See Griesenauer v. Millsap & Singer, P.C.*, No. 4:14-CV-1391-RLW, 2015 WL 2089232, at *3 (E.D. Mo. May 4, 2015).

17. The U.S. District Court for the Western District of Missouri found the joinder of a similar substitute trustee/foreclosure law firm fraudulent and denied a motion to remand in a similar case challenging a threatened (but not completed) foreclosure in *Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11-CV-0464-DGK, 2011 WL 5921364, at *4 (W.D. Mo. Nov. 28, 2011). This Court should likewise disregard the joinder of Millsap here for similar reasons.

18. Therefore, though named as a Defendant, Millsap's Missouri citizenship does not prevent this Court from asserting diversity subject-matter jurisdiction over this lawsuit. *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214-1215 (8th Cir. 2011) ("[A] plaintiff cannot defeat a defendant's right of removal by 'fraudulently joining a defendant who has no real connection with the controversy.'") (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981) (diversity jurisdiction exists and "a court may permit removal if the plaintiff's joinder of [resident] defendants was fraudulent or such defendants are merely nominal parties against whom no real relief is sought"); *Caranchini*, 2011 WL 5921364, at *4 ("If there is no reasonable basis in fact or law for the claim, the court ignores the citizenship of the fraudulently joined defendant for the purposes of determining diversity.").

19. Because Flagstar and Plaintiff are citizens of different states, complete diversity of citizenship exists pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1). As required by 28 U.S.C. §1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the state in which [the] action is brought."

20. Additionally, the amount-in-controversy requirement for diversity jurisdiction is satisfied here. "The jurisdictional fact [regarding the amount-in-controversy . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . ." *Bell v. Hershey Co.*, 557 F.3d 953, 958-59 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis original).

21. Based on the Petition's claims and requested relief, the amount in controversy requirement is met. The foreclosure at issue in the case already occurred, and Flagstar is now the owner of the property. Plaintiff seeks to divest Flagstar of its lienholder and/or owner status and deem herself the owner.

22. The amount in controversy for this type of claim is measured by the value of the property. *See, e.g.*, *Morris v. Wells Fargo Home Mortg.*, 4:11CV1452 CEJ, 2011 WL 3665150, at *1 (E.D. Mo. Aug. 22, 2011) (holding that a dispute over foreclosure, the amount in controversy is the property value at the time of foreclosure); *Kisner v. Bank of Am., N.A.*, No. 10-03527-CV-S-DGK, 2011 WL 2160891, at *2 (W.D. Mo. June 1, 2011) (same). Here, the property sold at foreclosure sale for $217,300.00. *See* Recorded Trustee's Deed, a true and correct copy of which is attached hereto as **Exhibit B**. Accordingly, based on Plaintiff's own allegations, and the various forms of relief sought against defendants, Plaintiff has put more than $75,000 in controversy.

7

### IV. All Other Requirements for Removal are Satisfied

23. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

24. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of St. Louis County, Missouri, the forum in which the Civil Action was pending. *See* 28 U.S.C. § 105(b)(1).

25. Defendants have not previously removed this action.

26. Removal of the action arising under federal questions jurisdiction will not result in any prejudice to Plaintiff, as she is seeking to avail herself of federal rights under federal statutes and regulations as her grounds for relief. Additionally, she will not be prejudiced as the matter is in the initial pleading stage and no discovery has occurred.

27. No defendants other than Flagstar and Millsap are named in the Petition. Millsap has expressly consented to removal to federal court. *See* Consent to Removal, attached as **Exhibit C**. Accordingly, all defendants have consented to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

28. Flagstar herein reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal. Further, in filing this Notice of Removal, Flagstar does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, rights, and motions.

29. A copy of this Notice is being filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as provided under 28 U.S.C. § 1446. (Attached hereto as **Exhibit D**). Flagstar is also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

WHEREFORE, Flagstar Bank, FSB respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division, and award Defendants expenses, costs, and attorney fees.

Dated this 22nd day of July, 2017.

                        Respectfully submitted,

                        */s/ Jonathan Laurans*
                        Jonathan L. Laurans
                        The 1609 Law Building
                        1609 West 92nd Street
                        Telephone (816) 421-5200

                        ATTORNEY FOR DEFENDANT FLAGSTAR BANK, FSB

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2017, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to the regular mailing address as follows:

Carol Whitley
1121 Bopp Road
St. Louis, MO 63121

                        */s/ Jonathan Laurans*
                        Of Counsel