# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CAROL WHITLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-02075 |
| | ) |
| FLAGSTAR BANK, FSB, | ) |
| | ) |
| Defendants. | ) |

## SUGGESTIONS IN SUPPORT OF DEFENDANT MILLSAP & SINGER, P.C.'S MOTION TO DISMISS PLAINTIFF'S PETITION

Respectfully submitted,

**MILLSAP & SINGER, LLC**

By: */s/ Charles S. Pullium, III*
Charles S. Pullium, III #46807
612 Spirit Drive
St. Louis, Missouri 63005
Telephone: (636) 537-0110
Facsimile: (636) 537-0067
Email: cpullium@msfirm.com
***Attorney for Defendant Millsap & Singer, P.C.***

Defendant Millsap & Singer, P.C. ("Millsap"), by and through its counsel of record, in support of its Motion to Dismiss Plaintiff's Petition, for its suggestions in support states as follows:

Nothing in Plaintiff's Petition is a model of clarity. To the extent Millsap is able to discern any possible basis for any claim against any defendant (and Millsap is not suggesting that it can), Millsap notes that Plaintiff seems to talk about rescission and the Truth in Lending Act ("TILA") in Count I. Nothing in Plaintiff's Petition can or does provide any claim against Millsap with respect to rescission of a Deed of Trust with respect to TILA. This is especially true given that a court of law has already determined by judgment that the Deed of Trust is a valid first lien interest, that Flagstar Bank, FSB had the right to enforce that Deed of Trust, that Carol A. Whitley owed money to Flagstar under terms of the Note and Deed of Trust, and that Flagstar Bank, FSB in the event of default had a legal right to enforce the Note and Deed of Trust through a foreclosure by power of sale. The judgment was subsequently affirmed by the Court of Appeals and that Judgment and mandate of the Court of Appeals is attached hereto as Exhibit A.

## I.  INTRODUCTION

Plaintiff filed her four-count Petition on June 20, 2017 in the Circuit Court of St. Louis County, State of Missouri seeking to enjoin a foreclosure sale scheduled for June 23, 2017.[1] After the Petition was filed, the foreclosure sale was held and Flagstar Bank, FSB was the successful purchaser in the amount of $217,300.00. The Successor Trustee's Deed listing Flagstar Bank, FSB as the new owner of the property was recorded on June 29, 2017 in Book 22588 at Page 1532. Count I of Plaintiff's is not titled, and is completely devoid of any

---

[1] Plaintiff did not obtain a restraining order nor did Plaintiff notice up for hearing any request for a restraining order prior to the foreclosure sale.

elements that might form the basis for any cause of action but does appear to contain references to TILA and rescission. We will call Count I of Plaintiff's Petition a "TILA Count". Plaintiff's Count II for Preliminary Injunction and Count III for Permanent Injunction would be moot as the foreclosure sale has already occurred. Plaintiff's final count, Count IV, is titled Quiet Title. None of the four counts come close to stating a cause of action against Millsap nor do any of the counts appear to have been filed in good faith.

## II. LEGAL STANDARD

Dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). Accordingly, a complaint should be dismissed for failure to state a claim when it is apparent that the plaintiff can prove no set of facts that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41 (1951). Where the allegations show on the face of the complaint that there is some insurmountable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997).

The United States Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) set forth the appropriate standard for deciding a motion to dismiss under Rule 12(b)(6). In *Twombly*, the Court held that, while a plaintiff need not present detailed factual allegations to comply with the pleading standard established by Rule 8(a)(2), Rule 8(a)(2) is not so liberal as to allow a plaintiff to avoid pleading facts altogether. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief]' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 55. "Without some factual allegation in the

complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at 556, n. 3.

The Supreme Court clarified this standard in *Iqbal*, providing the following guideline to district courts for ruling on motions to dismiss: "first, 'threadbare allegations' and 'the-defendant-unlawfully-harmed-me accusation[s]' are insufficient to survive a motion to dismiss; second, district courts should rely on their own 'judicial experience and common sense' in making the 'context-specific' determination of whether factual allegations make a right to relief plausible." *Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters., Inc*., No. 08-CV-04148-NKL, 2009 U.S. Dist. LEXIS 67086, at *9 (W.D. Mo. Aug. 3, 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). The *Iqbal* Court suggested that courts begin their analysis of a motion to dismiss "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Only where there are well-pled factual allegations should a court "assume [the allegations'] veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Despite Plaintiff's argumentative statements, accusations, and conclusions, any "factual complexity of this case does not alter the essentially legal nature of the questions concerning the sufficiency of the pleadings, nor does it affect the standard of review." *Abels v. Farmers Commodities Corp*., 259 F.3d 910, 916 (8th Cir. 2001). The well-known tenet that a plaintiff's factual allegations must be taken as true does not apply "to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In this case, Plaintiff both

failed to allege any facts that might support any cause of action and also failed to make any attempt at pleading elements, formulaic or otherwise.

### III. ANALYSIS

#### A. Count I of Plaintiff's Petition, Possibly for TILA Violation, Fails

TILA requires a creditor to disclose information relating to such things as finance charges, annual percentage rates of interest, and borrowers' rights, and it prescribes civil liability for any creditor who fails to do so. *Goldbratt v. Herron,* No. 4:10-cv-01183-DGK, 2011 WL 3584794, at *3 (W.D. Aug. 15, 2011) (citing *Koons Buick Pontiac GMAC, Inc. v Nigh,* 543 U.S. 50, 53-54 (2004). "TILA applies to businesses and individuals when the following four criteria are met: (1) credit is offered or extended to consumers; (2) the offering or extension of credit is done regularly; (3) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (4) the credit is primarily for personal, family, or household purposes. *Id.* at 2-3. To state a claim under TILA, Plaintiff must allege that he "did not receive required written disclosures or that the disclosures were not clear and conspicuous." *Id.* at *3. In *Goldblatt,* this Court dismissed a plaintiff's TILA claim under Rule 12(b)(6) because he failed to allege both that the "[d]efendants regularly engaged in the offering or extension of credit" or that they "failed to timely disclose the terms and costs of [p]laintiff's mortgage loan agreement." *Id.*

Count I of Plaintiff's petition should be dismissed because she fails to allege that Millsap regularly engages in the offering or extension of credit. Millsap is not the lender on the Deed of Trust. Millsap is not a creditor nor does Plaintiff plead as much. On this basis alone, Plaintiff failed to state a claim against Millsap.

Even if Plaintiff properly pled her TILA claims (which she has not), a claim for damages under TILA has a one year statute of limitations. *White v. CTX Mortg., LLC,* No. 13-0335-CV-

W-DGK, 2013 WL 5592979, at *3 (W.D. Mo. Oct. 10, 2013). Although Plaintiff may not be seeking damages, Plaintiff may be seeking rescission. A claim for rescission under TILA has a three year statute of limitations. *Kramer v. America's Wholesale Lenders,* No. 4:10cv0156 TCM, 2011 U.S. Dist. LEXIS 12488, at *6-7 (E.D. Mo. Feb. 9, 2011). In the instant case, Plaintiff originated her home loan on December 9, 2010. See Page 26 and 27 of Plaintiff's Petition. Plaintiff's right to rescission expired no later than December 9, 2013. This suit was filed on June 20, 2017. By any measure, suit is untimely as is any attempt to rescind the loan pursuant to TILA. Therefore, this claim should be dismissed for failing to meet basic pleading standards and because the applicable statute of limitations has run.

> **B.     Count II and Count III of Plaintiff's Petition for Preliminary Injunction and Permanent Injunction are Moot and Should be Dismissed**

Count II and Count III of Plaintiff's Petition seeks a Preliminary Injunction and Permanent Injunction to enjoin foreclosure pursuant to the Deed of Trust granted by Plaintiff. However, as previously stated, the foreclosure sale was held on June 23, 2017and Flagstar Bank, FSB was the successful purchaser in the amount of $217,300.00. The Successor Trustee's Deed identifying Flagstar Bank, FSB as the new owner of the property was recorded on June 29, 2017 in Book 22588 at Page 1532. Plaintiff's Count II and Count III fail to state a claim because the claims are moot. As there is no threat of <u>irreparable</u> harm or any justiciable claim for this Court to consider, it is insufficient to support a granting of the injunctive relief requested. Plaintiff's injunction claims are redundant within the meaning of Rule 12(f) and moot. Such claims must be dismissed.

Further, there is no separate injunction cause of action under Missouri or federal law. *Fletcher v. Conoco Pipe Line Co.*, 129 F. Supp.2d 1255, 1264 (W.D. Mo. 2011). Instead, a

plaintiff is required to allege some wrongful conduct on the part of a defendant for which injunction is an appropriate remedy. *Id*. Injunction is an extraordinary and harsh remedy and should not be employed where there is an adequate remedy at law. *Goerlitz v. City of Maryville,* 333 S.W.3d 450 (Mo. banc 2011). **To obtain injunctive relief, Plaintiff must establish, <u>as part of a recognized claim</u>, (1) irreparable harm, and (2) lack of an adequate remedy at law.** See e.g. *City of Greenwood v. Martin Marietta Materials, Inc.*, 311 S.W.3d 258 (Mo. App. W.D. 2010). Plaintiff has not pled any recognized claim and certainly has not alleged any wrongful conduct on the part of Millsap.

    **C.    Count IV of Plaintiff's Petition for Quiet Title as Matter of Law and Should be Dismissed**

Count IV of Plaintiff's Petition should also be dismissed. A Quiet Title action filed pursuant to Mo. Rev. Stat. § 527.150 is essentially a Declaratory Judgment action. See *Collins v. Jenkins*, 821 S.W.2d 892, HN 1 (Mo. App. S.D. 1992). In Quiet Title actions, the burden of establishing superior title falls on the party that brought the action and said party must "prevail on the strength of [his] own title and not on any weakness in the title of the other party." See *Robson v. Diem*, 317 S.W.3d 706 HN5 (Mo. App. W.D. 2011) (quoting *Jetz Serv. Co. v. K.C. Citadel Apartments, L.L.C.,* 59 S.W.3d 527, at 529 (Mo. App. W.D. 2001). A plaintiff cannot prevail in an action for quiet title where he has failed to show that he has superior title to the property at issue. *Dufrenne v. CitiMortgage, Inc.*, No. 4:09CV-1524HEA, 2009 WL 5103275, at 3 (E.D. Mo. Dec. 17, 2009). To state a proper cause of action for Declaratory Judgment, a court must be presented with: (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake and subject to immediate or prospective consequential relief; (3) a controversy that is ripe for judicial

determination; and (4) an inadequate remedy at law. See *Lane v. Lensmeyer*, 158 S.W.3d 218, 222 (Mo. banc 2005).

Here, Plaintiff's Petition contains nothing more than a confusing collection of naked assertions which fail to set forth ultimate facts establishing Plaintiff's superior title interest in the Subject Property.

Even a cursory review of Plaintiff's Petition reveals she has failed to plead facts in support of her Quiet Title claim, or any other claim for that matter. To prevail on an action for quiet title, a plaintiff must show that the defendant has an interest in the property at issue, and show that plaintiff's interest is superior to that of the defendant. *Ollison, supra,* 916 S.W.2d at 203 (Mo. 1996). In the instant case, Plaintiff fails to allege (1) what interest each of the Defendants claim in the Property and/or (2) any facts showing that Plaintiff has superior title to the Property. *See* Plaintiff's Petition.

Further, and once again, Plaintiff's Petition lacks candor in that Plaintiff fails to apprise this Court that she was party to a Missouri state court action wherein a final judgment was entered affirming Flagstar's lien priority, the validity of Flagstar's Deed of Trust, the amount owed under the Note and Deed of Trust, and Flagstar's authority and ability to foreclose by non-judicial power of sale. This is a far cry from Plaintiff's naked assertion that the Deed of Trust has "collapsed". Under the circumstances, Plaintiff fails to state a cause of action for Quiet Title upon which relief can be granted and Count IV should be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

WHEREFORE, based on the foregoing, Defendant Millsap & Singer, P.C. prays that this Court dismiss all counts of Plaintiff's Petition, with prejudice, for their attorney fees and costs, and for all other relief which this Court deems just and proper.

**MILLSAP & SINGER, LLC**

*/s/ Charles S. Pullium, III*
Charles Pullium, III, #46807
Millsap & Singer, LLC
612 Spirit Drive
St. Louis, MO 63005
Telephone (636) 537-0110
Facsimile (636) 537-0067
CPullium@msfirm.com
*Attorney for Defendant Millsap & Singer, P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2017, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to the regular mailing address as follows:

Carol Whitley
1121 Bopp Road
St. Louis, MO 63121

Jonathan Laurans
The 1609 Law Building
1609 West 92nd Street
Kansas City, KS 64114

*/s/ Charles S. Pullium, III*