# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CAROL WHITELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 4:17CV2075 HEA |
| ) | |
| FLAGSTAR BANK, FSB, and MILLSAP ) | |
| and SINGER, PC, ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Millsap & Singer, PC's Motion to Dismiss, [Doc. No. 6] and Defendant Flagstar Bank's Motion to Dismiss, [Doc. No. 10]. Plaintiff has not responded to either motion, however, she has filed a *pro se* pleading styled "Response to Motion to Transfer to Federal Court and Motion to Deny Transfer to Federal Court." Defendants move to dismiss Plaintiff's Petition for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' Motions will be granted.

### Facts and Background

On November 24, 2010, Plaintiff executed a deed of trust in favor of JLB Corporation, granting a security interest on property located at 1121 Bopp Road, St. Louis, Missouri 63131-4129 (the "Property"), to secure a residential mortgage

loan in the amount of $257,954.00. The Deed of Trust was recorded on December 9, 2010, in the real property records at Book 19269, page 287.

After Plaintiff defaulted on her mortgage loan payments, Flagstar filed a lawsuit on August 6, 2014, seeking a judgment of foreclosure and to clear title as to a UCC Financing Statement recorded as against the Property.

The Circuit Court for St. Louis County entered summary judgment in favor of Flagstar on July 7, 2015, ordering that "the Property be sold at public sale either by Sheriff's Execution on this Judgment, by trustee's sale under the power of sale given in said Deed of Trust being foreclosed or by any other legally available method . . ."

The Missouri Court of Appeals for the Eastern District affirmed the grant of summary judgment on October 18, 2016.

Plaintiff received the Notice of Trustee's Sale scheduling the foreclosure sale of the Property on June 23, 2017. The Property was sold at foreclosure sale on June 23, 2017.

Plaintiff filed her four-count Petition on June 20, 2017 in the Circuit Court of St. Louis County, State of Missouri seeking to enjoin a foreclosure sale scheduled for June 23, 2017. After the Petition was filed, the foreclosure sale was held. Flagstar Bank, FSB was the successful purchaser in the amount of $217,300.00. The Successor Trustee's Deed listing Flagstar Bank, FSB as the new

owner of the property was recorded on June 29, 2017 in Book 22588 at Page 1532. Count I of Plaintiff's Complaint and Petition is not titled. It contains references to TILA and rescission. Count II is brought seeking a preliminary injunction. Count III seeks permanent injunction and Count IV is titled Quiet Title. Since the foreclosure sale has occurred, Counts II and III will be dismissed as moot.

## Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001) *quoting Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007)(abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.,* 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id*. However, where a court can infer

from those factual allegations no more than a "mere possibility of misconduct", the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.,* 599 F.3d 856, 861 (8th Cir.2010)(*citing Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)).

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir.2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly,* 550 U.S. at 555. (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.,* 406 F.3d 1052, 1062 (8th Cir.2005) *citing Schaller Tel. Co. v. Golden Sky Systems,* 298 F.3d 736, 740 (8th Cir.2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. *Bennett v. Berg,* 685 F.2d 1053, 1058 (8th Cir.1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in

4

the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. *Twombly,* 550 U.S. at 556; *Neitzke v. Williams,* 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.,* 524 F.3d 866, 870 (8th Cir. 2008). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)(*quoting Twombly,* 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id*. With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

**Count I- TILA**

> Congress enacted TILA in 1968 to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various

> credit terms available to him and avoid the uninformed use of credit.'"
> *Koons Buick Pontiac GMC, Inc. v. Nigh,* 543 U.S. 50, 53–54, 125 S.Ct. 460, 160 L.Ed.2d 389 (2004) (quoting 15 U.S.C. § 1601(a)). TILA "requires a creditor to disclose information relating to such things as finance charges, annual percentage rates of interest, and borrowers' rights, and it prescribes civil liability for any creditor who fails to do so." *Koons Buick,* 543 U.S. 54. TILA applies to businesses and individuals when the following four criteria are met: (1) credit is offered or extended to consumers; (2) the offering or extension of credit is done regularly; (3) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (4) the credit is primarily for personal, family, or household purposes. 12 C.F.R. § 226.1.
>
> To state a claim under TILA a plaintiff must show that he did not receive required written disclosures, or that the disclosures were not clear and conspicuous. *Nieskens v. Peter,* No. 09–2085 (DSD/SRN), 2010 WL 1626902, at *2 (D.Minn. April 21, 2010).

*Goldblatt v. Herron*, No. 4:10-CV-01183-DGK, 2011 WL 3584794, at *2–3 (W.D. Mo. Aug. 15, 2011).

Plaintiff's TILA claim fails to allege both that the "[d]efendants regularly engaged in the offering or extension of credit" or that they "failed to timely disclose the terms and costs of [p]laintiff's mortgage loan agreement." *Id.*

Furthermore, Plaintiff fails to allege that Defendant Millsap & Singer regularly engages in the offering or extension of credit. It is not the lender on the Deed of Trust. Plaintiff does not even allege Millsap & Singer is a creditor. Count I fails to state a claim against Millsap & Singer.

With respect to Plaintiff's claims for rescission, Plaintiff fails to state a claim. Under the TILA, a three year statute of limitations is imposed from the

consummation date of the loan to the exercise of any right of rescission. The loan was originated on November 24, 2010. Any right of rescission must have been exercised on or before November 24, 2013. Plaintiff claims to have exercised her right of rescission in 2015, some two years after the limitations period.

**Count I-FDCPA**

Plaintiff's Count I also references the Fair Debt Collections Practices Act. The count fails to allege that either defendant is a debt collector or that they regularly collect or attempts to collect debts owed

**Count IV-Quiet Title**

In Quiet Title actions, the burden of establishing superior title falls on the party that brought the action and said party must "prevail on the strength of [his] own title and not on any weakness in the title of the other party." See *Robson v. Diem*, 317 S.W.3d 706 HN5 (Mo. App. W.D. 2011) (quoting *Jetz Serv. Co. v. K.C. Citadel Apartments, L.L.C.,* 59 S.W.3d 527, at 529 (Mo. App. W.D. 2001). A plaintiff cannot prevail in an action for quiet title where he has failed to show that he has superior title to the property at issue. *Dufrenne v. CitiMortgage, Inc.*, No. 4:09CV-1524HEA, 2009 WL 5103275, at 3 (E.D. Mo. Dec. 17, 2009). To state a proper cause of action for Declaratory Judgment, a court must be presented with: (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief as distinguished from an advisory decree

upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake and subject to immediate or prospective consequential relief; (3) a controversy that is ripe for judicial determination; and (4) an inadequate remedy at law. See *Lane v. Lensmeyer*, 158 S.W.3d 218, 222 (Mo. banc 2005).

Plaintiff has failed to plead any facts in support of her claim. She fails to allege that Defendant had an interest in the property or any facts showing she has a superior title to the property. Count IV fails to allege sufficient facts under the *Twombly* and *Iqbal* standards.

## Conclusion

Plaintiff's Petition fails to allege sufficient facts to state claims under her TILA and Quiet Title Counts. Since the foreclosure sale has already occurred, Plaintiff's Counts for preliminary and permanent injunctions are moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc No. 6 and 10], are **GRANTED.**

**IT IS FURTHER ORDERED** that this action is dismissed

Dated this 17th day of January, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE